**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JASBIR MANN and ROSEMARIE COTE, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) ) | Case No. 24-cv-10135-DJC |
| JONATHAN A. COTTRELL, REBECCA COTTRELL, and MICHAEL BERNIER, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, C.J.**                                                                                    **July 8, 2026**

I.    **Introduction**

Plaintiffs Jasbir Mann and Rosemarie Cote (collectively, "Plaintiffs") initiated this lawsuit in Bristol Superior Court against Defendants Jonathan Cottrell, Rebecca Cottrell (collectively, the "Cottrells") and Michael Bernier ("Bernier") (collectively with the Cottrells, "Defendants"), asserting various claims under Massachusetts law.  D. 1-3.  Defendants later removed the case to this Court, and upon Plaintiffs' motion, the Court remanded the case to state court, D. 21; D. 22, and ordered Defendants to pay Plaintiffs' attorneys' fees in the amount of $6,900 pursuant to 28 U.S.C. § 1447(c) by February 3, 2025 (the "Fees Order"), D. 35.  Plaintiffs have moved for the Court to hold the Cottrells in contempt for failure to comply with the Fees Order.  D. 50.  For the reasons stated below, the Court ALLOWS the motion, D. 50, and ALLOWS Plaintiffs' motion for additional attorneys' fees and costs incurred in connection with the necessity of their motion for contempt, D. 64.

1

## II.    Standard of Review

"Civil contempt may be imposed to compel compliance with a court order or to compensate a party harmed by non-compliance." United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005). A court's contempt power is "one of the most potent weapons in the judicial armamentarium." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991). Accordingly, to prevail on a motion for civil contempt, the movant must prove such contempt "by clear and convincing evidence." Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991). The "proof must establish (1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated." Saccoccia, 433 F.3d at 27 (internal citations and quotation marks omitted); Orkin v. Albert, 162 F.4th 1, 23 (1st Cir. 2025).

## III.    Procedural Background

Plaintiffs filed this lawsuit in Bristol Superior Court on December 1, 2021. D. 1-3. The lawsuit involved alleged issues with a property purchased by Plaintiffs. See generally id. More than two years later, on January 18, 2024, Defendants removed the action to this Court. D. 1. On February 8, 2024, Defendants filed an answer, and the Cottrells asserted counterclaims against Plaintiffs and third-party claims against Plaintiffs' counsel and unnamed state court employees. D. 6.

On February 14, 2024, Plaintiffs moved to remand the case to state court, D. 8, and requested attorneys' fees pursuant to 28 U.S.C. § 1447(c), D. 9 at 5.[1] On April 30, 2024, the Court

---

[1] In the caption of this motion and other papers, Plaintiffs identified only the Cottrells as the defendants in this case. See D. 8 at 1. This is perhaps because Bernier was dismissed from the underlying state court case in February 2022. See D. 1-5 at 8. Defendants' filings in this case, however, refer at times to "Defendants," collectively, see, e.g., D. 1; D. 25, or the "Cottrells," see, e.g., D. 13, and they have used "Jonathan Cottrell, et al." in the caption of filings, see, e.g., D. 1 at 1. Entries on the Court's docket for Defendants' filings in this matter typically indicate that they

allowed Plaintiffs' motion, D. 21, and ordered the matter remanded to state court, D. 22.  In allowing the motion, the Court noted that it would award reasonable costs and attorneys' fees incurred by Plaintiffs as a result of the improper removal and directed Plaintiffs to submit any such request and supporting affidavit by May 13, 2024.  D. 21.[2]  In accordance with the Court's instructions, Plaintiffs filed a motion for attorneys' fees and supporting materials on May 3, 2024.  D. 24.

On May 28, 2024, Defendants appealed the Court's remand Order to the First Circuit.  D. 28.  On January 16, 2025, the First Circuit summarily affirmed this Court's remand Order.  D. 32.[3]  In doing so, the court noted that "nothing in the record indicates a basis for the exercise of federal jurisdiction over the underlying proceeding."  Id. at 2.[4]

On January 24, 2025, the Court allowed Plaintiffs' motion for attorneys' fees and ordered Defendants to pay attorneys' fees in the amount of $6,900 to Plaintiffs by February 3, 2025.  D. 35.  On February 3, 2025, the Cottrells moved to stay the Fees Order, D. 36, and filed an amended

---

are on behalf of the Defendants, including Bernier.  Bernier was also identified as a party in Defendants' appeal to the First Circuit.  See, e.g., D. 32.  Plaintiffs' motions for attorneys' fees, D. 24, 64 and contempt, D. 50, identify only the Cottrells as defendants, and Plaintiffs' counsel confirmed at the motion hearing that Plaintiffs did not consider Bernier a defendant here. Accordingly, the Court limits its finding of contempt to the Cottrells.

[2] In light of the remand to state court, the Court also denied as moot a motion Plaintiffs had filed to strike the answer, counterclaims and third-party claims.  D. 23.

[3] Defendants had also moved for reconsideration before noticing their appeal, D. 25, and later moved for a stay pending appeal, D. 29.  This Court denied those motions.  D. 33; D. 34.

[4] On July 24, 2024, while Defendants' appeal was pending, the Cottrells initiated a separate action in this Court that was similar to the counterclaims and third-party claims previously filed in this matter.  See Cottrell v. Mann, No. 24-cv-11926-DJC, D. 1.  On July 15, 2025, the Court issued a decision dismissing the claims in that case, and on February 13, 2026, denied the Cottrells' motion for reconsideration regarding same.  Cottrell, No. 24-cv-11926-DJC, D. 37-38, 52.  The Cottrells' related appeal to the First Circuit is pending.  Cottrell v. Mann, No. 25-1800 (1st Cir. docketed Aug. 18, 2025).

motion regarding same on February 5, 2025, D. 40.  The Court denied these motions on June 2, 2025.  D. 47.[5]

On June 24, 2025, Plaintiffs filed a contempt motion seeking a show cause hearing regarding the Cottrells' alleged failure to comply with the Fees Order.  D. 50.  The Cottrells opposed the motion on July 8, 2025.  D. 52.  On January 12, 2026, after considering the parties' briefing and identifying no valid basis in same for the failure to comply with the Fees Order, the Court entered a further Order directing Defendants to pay Plaintiffs the attorneys' fees of $6,900 by January 26, 2026.  D. 53.  The Court took the June 24, 2025 motion under advisement to the extent it sought a finding of contempt.  Id.  On January 26, 2026, the Cottrells moved "for reconsideration, to vacate or amend the orders entered on July 15[], 16[], 2025, and January 5, 2026, to consolidate, and grant other relief requested in pending motions."  D. 54 at 1.  On January 27, 2026, Plaintiffs notified the Court that the Cottrells had not complied with the January 26, 2026 deadline set by the Order, D. 55, to pay the attorneys' fees previously ordered on January 24, 2025. D. 55.

On February 13, 2026, the Court denied the Cottrells' motion for reconsideration, D. 57, and set a hearing on Plaintiffs' contempt motion, D. 56, 60.[6]  Although the Cottrells had requested a hearing on the contempt motion in their opposition, see D. 52 at 10, on April 20, 2026, the day before the scheduled hearing, the Cottrells submitted notice that they would not appear at the hearing because, in their view, this Court lacked jurisdiction, their participation would waive

___

[5] The Court also denied motions Plaintiffs had filed, D. 44; D. 45, to strike the stay motion and seeking additional attorneys' fees in connection with same.  D. 48; D. 49.

[6] After the Court set a hearing on the contempt motion, Defendants moved "for a stay of orders entered to stay the entrance of orders and endorsements entered on July 15, and 16, 2025, January 12, 2026, January 24, 2025, February 13, 2026, et al.," D. 58 at 1, which the Court denied, D. 59.

various rights to relief and their counsel's appearance would violate her ethical obligations. D. 61. This notice cited no law for their position. Id.

On April 21, 2026, the Court heard Plaintiffs on the pending motion and took the matter under advisement. D. 62. On the record during the hearing, the Court summarized the procedural history of the case and noted that civil contempt sanctions may be imposed "with merely notice and an opportunity to be heard," see AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir. 2015), and concluded that this due process requirement was satisfied despite the Cottrells' refusal to attend the hearing. D. 62 at 6-7. On April 22, 2026, the Court noted that it was considering whether imposition of additional fees on the Cottrells was warranted given their failure to comply with the Fees Order for over one year and given that Plaintiffs had incurred additional fees in connection with pursuing the contempt motion. Id. (docket entry). Accordingly, the Court gave Plaintiffs until April 28, 2026 to file a motion for additional attorneys' fees. Id. Plaintiffs filed such motion on April 28, 2026 and Defendants have filed no response to same.

## IV.    Discussion

As an initial matter, despite the Cottrells' contrary suggestion, see D. 54-1 at 1-2; D. 58 at 3-4; D. 61 at 1-2, the Court retained jurisdiction to resolve Plaintiffs' request for attorneys' fees and costs even after it remanded the case to state court. See Stefanoni v. L.F.I., Inc., No. 24-cv-12758-PGL, 2025 WL 2500034, at *8 (D. Mass. Mar. 10, 2025) and case cited, report and recommendation adopted, No. 24-cv-12758-NMG (D. Mass. Apr. 8, 2025), D. 39. Under 28 U.S.C. § 1447(c), an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Here, the Court noted in an Order issued prior to its formal remand that it would award costs and/or attorneys' fees as provided for under the statute, D. 21, and it subsequently determined the amount of same based on Plaintiffs' request and supporting materials, D. 35; see, e.g., Ragland v. WorkSTEPS, Inc., 784

F. Supp. 3d 1039, 1046-49 (N.D. Ohio 2025) (concluding that plaintiff was entitled to attorneys' fees pursuant to § 1447(c) and noting that court would "remand the case to state court but retain jurisdiction to determine the amount"). Courts have long recognized that a district court retains jurisdiction, even after it enters an order of remand, to consider a request under § 1447(c). See, e.g., Bryant v. Britt, 420 F.3d 161, 164-66 (2d Cir. 2005) (per curiam) (holding that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued"); Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997) (holding that "after issuing an order of remand, [a district court] may make an award of attorney fees and costs in a separate order"); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1257-59 (3d Cir. 1996) (agreeing with other courts that the district court retained jurisdiction for attorneys' fees and cost "as a post-remand application for fees and costs is collateral to the decision to remand and cannot affect the proceedings in state court"); Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 445 (9th Cir. 1992) (concluding that "pursuant to section 1447(c) after remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"); see Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir. 2000) (holding that "[a] district court has jurisdiction to award attorneys' fees under § 1447(c) even if the removing party voluntarily withdraws its case and stipulates to a remand").[7] Thus, the Court retained authority to issue the Fees Order.

As to the merits of Plaintiffs' motion, the parties' briefing eschews discussion of the

---

[7] Although in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Supreme Court subsequently clarified the substantive legal standard applicable to requests for attorneys' fees under § 1447(c), Martin did not undermine the reasoning of these courts as to district courts' post-remand jurisdiction to resolve such requests. See Martin, 546 U.S. at 137-38 (noting that § 1447(c) is not "strictly jurisdictional" but that its predecessor "was enacted, in part, because courts would otherwise lack jurisdiction to award costs on remand").

standards governing civil contempt. D. 51; D. 52.[8] The Court, nonetheless, concludes that Plaintiffs have met their burden of demonstrating the Cottrells' contempt of the Fees Order by clear and convincing evidence. First, as to notice, the Cottrells received notice of the Fees Order through the Court's electronic filing system as evidenced, among other things, by their motion to stay the Order, filed approximately two weeks later on the payment deadline set by the Court. D. 36.[9] Second, the Court concludes that the Fees Order, which directed Defendants to pay Plaintiffs a sum certain and provided a deadline to complete same, was clear and unambiguous. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Perez, No. 19-cv-12507-ADB, 2021 WL 5493493, at *2 (D. Mass. Nov. 23, 2021) (concluding that order that "explicitly outlined the two tasks that [d]efendant was ordered to complete and provided deadlines for doing so" was clear and unambiguous). Third, the Court has no information suggesting that the Cottrells are unable to comply with the Fees Order. See United States v. Puerto Rico, 642 F.3d 103, 108 n.8 (1st Cir.

---

[8] The Cottrells assert that the "motion for contempt necessitates denial because it is premised on void orders," D. 52 at 1, but as far as the Court can understand, their challenges are based on conduct in the underlying state court proceeding, including conduct that occurred well after the Court remanded the matter to state court. See id. at 3-4. To the extent the Cottrells contend that the remand Order was based on this Court's "reli[ance] on [Plaintiffs' counsel's] false statements," id. at 3, the Court remanded the case because there was no basis for removal to this Court, D. 21, as affirmed by the First Circuit, see D. 32.

[9] At the motion hearing, Plaintiffs' counsel expressed uncertainty as to the personal participation of the Cottrells in this matter. Attorneys have ethical duties to their clients, including to keep a client "reasonably informed about the status of [a] matter." See Mass. R. Prof. C. 1.4(a)(3). An attorney of record is also, for instance, designated recipient of case documents that must be served on the party she represents. See Fed. R. Civ. P. 5(a)(1), (b)(1). Of course, the Court does not assume that counsel for the Cottrells, an officer of this Court, has acted in a manner inconsistent with her duties to her clients or the Court. Cf. Diaz v. Jiten Hotel Mgmt., Inc., 704 F.3d 150, 154 (1st Cir. 2012) (concluding that district court's rationale for reducing fee award was "flawed," including because it "assume[d] that attorneys [were] violating their ethical duties"). To dispel any potential uncertainty as to the Cottrells' notice that they may be held in contempt, however, the Court ordered Plaintiffs' counsel to effectuate personal service on the Cottrells of certain filings in this matter, including the Fees Order, Plaintiffs' contempt motion, the Court Clerk's notes of the motion hearing and an excerpted transcript of same, D. 62, which was completed, see D. 63.

7

2011) (explaining that where alleged contemnor offers impossibility defense, it "bears the burden of production" regarding same); AngioDynamics, 780 F.3d at 427 (noting that "mere[] cost[] and inconvenien[ce]" do not amount to inability to comply).  Indeed, the Court notes that the Cottrells "do not contest the clarity and unambiguity of the Court's order" and do not "suggest that they lacked notice or the ability to comply with the order."  See Garcia v. Stamper, No. 26-cv-00025-JAW, 2026 WL 323686, at *3 (D. Me. Feb. 6, 2026).  Finally, the Court concludes that the Cottrells have violated, and continue to violate, the Fees Order.  Over two years ago, on April 30, 2024, the Court ruled that it would impose costs and attorneys' fees on Defendants pursuant to § 1447(c).  D. 21.  Nearly eighteen months ago, on January 24, 2025, the Court ordered "that Defendants pay Plaintiffs $6900.00 by February 3, 2025."  D. 35.  After considering the parties' briefing on Plaintiffs' contempt motion, on January 12, 2026 (close to six months ago), the Court noted that the Cottrells had "state[d] no viable basis for failing to comply with this Court's prior Order for payment of attorneys' fees" and ordered them to "comply with [the Court's prior] Order, D. 35, by paying Plaintiffs the attorneys' fees of $6900.00 by January 26, 2026."  D. 53.  To date, however, the Cottrells have failed to pay the $6,900 in attorneys' fees that the Court now has repeatedly ordered them to pay.  To the extent the Cottrells contend that their noncompliance is not in "bad faith," see D. 52 at 4, the "law is 'firmly established' in the [F]irst Circuit 'that good faith is not a defense to civil contempt.'"  Alongi v. BR Steel, LLC, No. 18-cv-12648-ADB, 2020 WL 3086071, at *2 (D. Mass. June 10, 2020) (quoting Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 76 (1st Cir. 2002)).  Accordingly, the Court finds the Cottrells in contempt of the Fees Order, D. 35, and finds, based upon the record, that such showing was made by clear and convincing evidence.

In contrast to the punitive function of its criminal counterpart, civil contempt is intended

8

to serve a coercive purpose.  See United States v. Marquardo, 149 F.3d 36, 39 (1st Cir. 1998).  "In addition to nudging a party to comply with a past court order, a district court may also utilize sanctions to compensate the complainant for harms suffered as a result of the contempt and to reinforce the court's own authority."  AngioDynamics, 780 F.3d at 426.  As to the appropriate sanction, the Court may impose one that "is reasonably proportionate to the offending conduct."  Goya Foods, Inc. v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003).  Civil contempt sanctions can include, but are not limited to, prospective, conditional fines to coerce compliance.  See AngioDynamics, 780 F.3d at 427-28; see, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Perez, No. 19-cv-12507-ADB, 2022 WL 899262, at *1 (D. Mass. Mar. 28, 2022) (ordering contemnor to pay fine of $100 per day for continued refusal to comply with court order).  Here, the Court concludes that it is appropriate to compensate Plaintiffs for the additional attorneys' fees and costs they have incurred in briefing and arguing the contempt motion.  See G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 41 (1st Cir. 1980) (noting a court's discretionary authority as to awarding costs and attorneys' fees in contempt proceedings). Consistent with the Court's order during the motion hearing, see D. 62, Plaintiffs have filed a motion and supporting materials seeking additional fees and costs on April 28, 2026.  The Cottrells have not filed any response to same.  Having considered Plaintiffs' materials, the Court ALLOWS the motion to the extent it seeks attorneys' fees and costs in connection with the contempt order (but excluding the two billing entries on February 4-5, 2025 for billing in connection with the Cottrells' motion to stay the Fees Order).[10]  Accordingly, the Court incorporates $3,045.50 in additional fees and costs into the Order set forth below.

---

[10] As already noted, the Court previously denied Plaintiffs' motion seeking such attorneys' fees as to the Cottrells' motion to stay.  D. 49.

Further, in light of the record before the Court, the Court concludes that it is necessary to impose coercive sanctions on the Cottrells to compel their compliance with the Fees Order. Accordingly, as outlined below, the Court ORDERS the Cottrells to comply with the Fees Order and to pay the further attorneys' fees and costs ordered today. If the Cottrells do not comply by the deadlines set out below, the Court will impose a per diem fine of $100 for each calendar day that the Cottrells remain in contempt, up to a maximum amount of $10,000.[11]

## V.    Conclusion

For the foregoing reasons, Plaintiffs' motion for contempt, D. 50, is ALLOWED. The Cottrells are hereby found in contempt of the Court's Fees Order, D. 35. The Court also ALLOWS the motion for additional attorneys' fees and costs incurred in connection with Plaintiffs' motion for contempt, D. 64, in the amount of $3045.50. Accordingly, the Court ORDERS as follows:

1.    By 11:59 p.m. on July 17, 2026, the Cottrells shall pay attorneys' fees in the amount of $6,900.00 to Plaintiffs, as previously ordered by the Fees Order;

2.    By 11:59 p.m. on July 24, 2026, the Cottrells shall pay Plaintiffs an additional $3,045.50 as compensation for the attorneys' fees and costs Plaintiffs incurred in prosecuting the contempt motion;

3.    Beginning on August 7, 2026, if the Cottrells have not complied with the Fees Order, the Court will assess a fine of $100 per day for each calendar day of the Cottrells' continued noncompliance, for the period beginning August 7, 2026, up to a maximum of $10,000; and

4.    Plaintiffs' counsel shall serve the Cottrells with a copy of this Order by July 10, 2026.

**So Ordered.**

---

[11] To the extent the Cottrells sought other, affirmative relief from the Court in their opposition to the contempt order, D. 52, such requests are DENIED.

/s Denise J. Casper
Chief United States District Judge